# EXHIBIT F

DocuSign Envelope ID: 8B20F125-CF07-4DB4-9AB8-2DD6453A3F23



**INDEPENDENT CONTRACTOR AGREEMENT**         Rev IC.6

THIS INDEPENDENT CONTRACTOR AGREEMENT (the "Agreement"), entered into effective as of May 28, 2019 (the "Effective Date"), is made by and between Terry Henning, an individual residing at 44265 Pine Briar Tr., Plymouth, MI 48170 (the "Independent Contractor"), and Rivian Automotive, LLC, a Delaware limited liability company with offices at 13250 North Haggerty Road, Plymouth, Michigan 48170 (the "Company").

WITNESSETH

WHEREAS, the Company requires certain services in connection with its business, and desires to contract with the Independent Contractor to provide such services; and

WHEREAS, the Independent Contractor has certain expertise and desires to provide such services to the Company.

NOW, THEREFORE, in consideration of the premises and the mutual covenants set forth herein, the parties hereto agree as follows:

1. Services. The Independent Contractor shall perform those services as are set forth on Exhibit A attached hereto and incorporated herein by reference (the "Services").

2. Fees.

   (a) In consideration for the Services performed by the Independent Contractor, the Company agrees to pay the Independent Contractor such fees as are set forth on Exhibit A. In connection with the foregoing, the Independent Contractor shall provide to the Company during the term of this Agreement any documentation reasonably requested by the Company to support the time expended by the Independent Contractor in the performance of the Services.

   (b) In addition to the fees payable under Section 2(a), as set forth on Exhibit A, the Company agrees to reimburse the Independent Contractor for the out-of-pocket expenses ordinarily and reasonably incurred by the Independent Contractor for the purpose of performing the Services hereunder, provided that such expenses are approved in advance by the Company. Such reimbursement to be made upon presentment to the Company of receipts, vouchers and other evidence satisfactory to the Company.

   (c) No amounts other than those payable under Sections 2(a) and 2(b) shall be payable by the Company to the Independent Contractor. The Independent Contractor shall be liable for all other expenses, costs and amounts incurred in the performance of the Services hereunder, including without limitation, all withholding of all domestic and/or foreign income taxes (including, all federal, state, provincial and/or local income taxes), the payment and withholding of social security and other payroll taxes, all workers' compensation and other insurance premiums, and the costs and expenses for all supplies required in connection with the performance of the Services hereunder. The Company shall withhold all applicable taxes from amounts payable to the Independent Contractor, without liability to the Company therefor, if such withholding is required by law, and, in such event, require the Service Provider to indicate on each invoice the percentage

DocuSign Envelope ID: 8B20F125-CF07-4DB4-9AB8-2DD6453A3F23

employees of the Company.

3. <u>Term and Termination</u>.  This Agreement shall commence on the Effective Date and conclude on the earlier of (x) the completion of fifty (50) full work days in which the Independent Contractor completed services or (y) December 31, 2019, unless earlier terminated as hereinafter provided.  This Agreement may be terminated (a) at any time by the Company or (b) at any time by the Independent Contractor upon thirty (30) days prior written notice thereof to the Company.  Upon the termination of this Agreement, the Independent Contractor will immediately return to the Company any property of the Company in the Independent Contractor's possession.  In the event of the termination of this Agreement prior to its scheduled expiration, the Company shall only be liable to pay those fees of Independent Contractor that apply with respect to Services delivered to the Company as of such termination.  Notwithstanding anything herein to the contrary, the terms and conditions of, and Independent Contractor's obligations under, <u>Sections 5</u>, <u>6</u>, <u>7</u> and <u>8</u> of this Agreement shall survive the expiration or termination of this Agreement.  It is the parties' expectation (but not binding obligation) that they would reevaluate the term of this Agreement after a period of six (6) months and discuss a mutually agreed structure moving forward.

4. <u>Independent Contractor Status; Covenants; Obligations</u>

(a) The Independent Contractor acknowledges that the Independent Contractor shall at all times act and perform as an Independent Contractor hereunder and shall not, for any purposes, be deemed an employee of the Company.  The Independent Contractor shall have no authority to act for, or on behalf of, or to bind the Company in any manner whatsoever.

(b) The Company will have no right to control or direct the details, manner or means by which the Independent Contractor accomplishes the results of the Services performed hereunder.

(c) The Independent Contractor covenants and agrees to provide the Services described in <u>Section 1</u> and to meet any deadlines set by the Company with respect thereto.

(d) Subject to the Independent Contractor's compliance with its obligations set forth in <u>Section 7</u>, the Independent Contractor may engage in any other trade or business and provide Services to other customers or clients during the term of this Agreement; <u>provided</u>, that such other trade, business, or service does not conflict with the Independent Contractor's performance of Services under this Agreement.

(e) During the term of this Agreement, the Independent Contractor shall maintain in effect and pay all applicable taxes and premiums for all insurance and other programs required by law, together with comprehensive general liability insurance in amounts and with insurers reasonably satisfactory to the Company.

(f) All Services shall be personally performed by the Independent Contractor.  The Independent Contractor shall not delegate the performance of any Service or any obligation under this Agreement to any person or entity.

(g) Unless otherwise explicitly set forth on <u>Exhibit A</u>, (i) while the Independent Contractor has the authority to perform the duties specified in this Agreement on behalf of the Company, the Independent Contractor shall not hold itself out as an agent of the Company or as having any authority whatsoever to bind the Company in any business, contractual, legal, or other matter and (ii) the Independent Contractor shall have no express, implied, or apparent authority to bind the Company to any legal obligation or to execute contracts on behalf of the Company.

(h) Neither party shall take any actions or make any statements that would indicate that the relationship between the parties is other than that of the Independent Contractors.  Nothing in this Agreement shall be construed to create a partnership, joint venture, or any other form of fiduciary relationship.

(i) Unless otherwise explicitly set forth on <u>Exhibit A</u>, (i) the Company makes no commitment to the Independent Contractor as to the number of hours the Independent Contractor will be asked to work during the term of this Agreement, (ii) the Company may contact the Independent

DocuSign Envelope ID: 8B20F125-CF07-4DB4-9AB8-2DD6453A3F23

Contractor at its sole discretion when it has a need for the Services and (iii) when the Company contacts the Independent Contractor, the Independent Contractor is free to accept or decline the Company's request for Services.

5. Representations and Warranties.

   (a) The Independent Contractor represents and warrants to the Company that the Services performed hereunder will be performed in a professional manner in conformance with all policies, rules and schedules established by the Company with respect thereto, in compliance with all statutes, regulations, ordinances or contracts applicable to the Services covered hereunder, and in accordance with customary business and trade practices.

   (b) The Independent Contractor further represents and warrants to the Company that: (i) the Independent Contractor has the full right, power and authority to enter into this Agreement and to be engaged by the Company to perform the Services, (ii) the Independent Contractor's engagement by the Company and performance of the Services for the Company does not breach or conflict with the terms of any other agreement or obligation by which the Independent Contractor is bound, (iii) all information and data submitted by the Independent Contractor to the Company regarding the Independent Contractor in connection with this Agreement is true, accurate and complete, and (iv) all information and data submitted to the Company by the Independent Contractor in connection with this Agreement is true, accurate and complete.

6. Indemnification. The Independent Contractor shall indemnify, defend and hold the Company, its affiliates and the agents and employees of the Company, harmless from and against any and all claims, demands and liabilities, judgments, damages, settlements and expenses (including, without limitation, reasonable attorneys' fees) arising out of or related to any breach of the representations, warranties or covenants of the Independent Contractor contained in this Agreement, or which may be sustained or incurred as a result of any acts or omissions of the Independent Contractor and the agents and employees of the Independent Contractor that result in (i) death or bodily injury to any person, (ii) destruction or damage to any property, or (iii) any violation of any federal, state or local governmental statute, regulation, rule, order, ordinance or code.

7. Confidentiality; Inventions.

   (a) The Independent Contractor shall, while engaged by the Company and thereafter, preserve in confidence all confidential and proprietary information heretofore or hereafter acquired by the Independent Contractor or disclosed to the Independent Contractor by the Company relating to the business of the Company, including all business plans, marketing materials, contracts, billing procedures, fee arrangements, consulting tools, training tools, computer programs, reports, ideas, projects, designs and/or developments of the Company or in which the Company is interested, all information regarding the Company's clients, customers, vendors and suppliers (including their identification, names, locations and files), and all other information of any kind or nature pertaining to the business of the Company, and the Independent Contractor will not disclose any such information to any other person or entity without the express prior written authorization of the Company or make use of such information for the Independent Contractor's personal benefit or for the benefit of any person or entity other than the Company or to assist others in doing so.

   (b) The Independent Contractor shall not discuss, disclose, advertise, market or otherwise make known to others (including, but not limited to, any clients, customers, vendors or suppliers of the Company) any information relating to any projects or business of the Company or the Services performed under this Agreement, including, without limitation, mentioning or implying the name of the Company, or any of its projects, developments, clients, customers, vendors, suppliers, personnel or Contractors, or the existence or terms and conditions of this Agreement, without the Company's prior written consent.

   (c) It is specifically understood and agreed that all business plans, marketing materials, contracts, billing procedures, fee arrangements, consulting tools, training tools, computer programs, reports, ideas, projects, designs and/or developments of the Company letters, notes, data, sketches, drawings, publications, books, manuals, supplies and other property pertaining to the business of the Company or its operations, are and shall remain the sole and exclusive property of the Company and that, upon request of the Company, the Independent Contractor shall promptly surrender to the Company all such property and all copies thereof which shall be under the Independent Contractor's control or in the Independent Contractor's possession

DocuSign Envelope ID: 8B20F125-CF07-4DB4-9AB8-2DD6453A3F23

(d) The Independent Contractor agrees that, for the consideration set forth herein, the Company has purchased all right, title and interest in and to all Services pursuant to this Agreement, whether produced by the Independent Contractor or the Independent Contractor's employees or subcontractors, (including, without limitation, all trademarks, trade names, service mark, patents, copyrights, trade secrets and other intellectual property rights with respect thereto), for all uses and that the same shall be "works made for hire", and that the Company will be the sole and exclusive owner of the same. The Independent Contractor hereby assigns any and all rights it may have with respect to the foregoing to the Company, free and clear of any liens, security interests, claims or other encumbrances, and the Independent Contractor hereby releases any and all claims it may have with respect thereto. The Independent Contractor further hereby appoints the Company as its attorney-in-fact with the power to execute any additional documents necessary to further evidence this assignment and/or release, and the Independent Contractor hereby agrees to execute any and all documents and instruments reasonably requested by the *Company in connection therewith*

(e) The Independent Contractor hereby further agrees to assign to the Company the Independent Contractor's entire right, title and interest in and to all ideas, inventions, improvements, developments and designs relating in any way to the projects and developments of the Company, whether patentable or not, made or conceived by the Independent Contractor or jointly with others while performing Services for the Company, together with such patents or applications therefor, as may be obtained or filed thereon in any country; and, at the request and sole expense of the Company, will execute all documents for use in applying for, obtaining and maintaining such patents as the Company may desire, and execute and deliver all formal assignments therefor. The Independent Contractor shall disclose promptly and fully to the Company all said ideas, inventions, improvements, developments and designs.

(f) The Independent Contractor hereby acknowledges and recognizes the highly competitive nature of the businesses of the Company and that the Independent Contractor will have access to proprietary and confidential information regarding the Company's business. Accordingly, for the consideration stated herein, the Independent Contractor hereby agrees that, during the term of this Agreement and continuing thereafter for a period of two (2) years, the Independent Contractor will not directly or indirectly (whether as an owner, principal, lender, stockholder, partner, member, employer, employee, consultant, contractor, subcontractor, representative, distributor, officer, director or otherwise) attempt to or solicit to employ or engage, or employ or engage any employee or independent contractor of the Company, or induce or otherwise advise any employee or independent contractor to leave the employ of or to cease being engaged by the Company.

(g) Notice of Immunity Under the Economic Espionage Act of 1996, as amended by the Defend Trade Secrets Act of 2016.   Notwithstanding any other provision of this Agreement, the Independent Contractor will not be held criminally or civilly liable under any federal or state trade secret law for any disclosure of a trade secret that is made: (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney, and in each case solely for the purpose of reporting or investigating a suspected violation of law; or (ii) is made in a complaint or other document that is filed under seal in a lawsuit or other proceeding.

If the Independent Contractor files a lawsuit for retaliation by the Company for reporting a suspected violation of law, the Independent Contractor may disclose the Company's trade secrets to the Independent Contractor's attorney and use the trade secret information in the court proceeding if the Independent Contractor files any document containing the trade secret under seal and does not disclose the trade secret, except pursuant to court order.

(h) The Independent Contractor shall ensure that all of its employees, personnel, agents and representatives performing services pursuant to this Agreement (or who receive or have possession or access to confidential or proprietary information or intellectual property of the Company) shall abide by and conform to the obligations set forth in this Section 7.

8. Miscellaneous

(a) All requests, quotations, notices, demands, consents, and reports provided for in this Agreement shall be in writing and shall be given to the Independent Contractor or the Company (to the attention of General Counsel) at the addresses set forth herein or at such other address as they may hereafter specify thereafter in writing upon delivery in person or one (1) day after being deposited with an express overnight courier service, with charges prepaid and return receipt requested, addressed to such addresses.

DocuSign Envelope ID: 8B20F125-CF07-4DB4-9AB8-2DD6453A3F23

(b) This Agreement may not be assigned by the Independent Contractor, and Independent Contractor shall not delegate any of its obligations hereunder, without the prior written consent of the Company. Any purported assignment or delegation without such prior consent shall be deemed to be void and of no effect *ab initio*.

(c) The failure of either party to enforce any right under this Agreement will not constitute a waiver of that right, or of damages caused thereby, or of any other rights under this Agreement.

(d) This Agreement constitutes the entire agreement of the parties with respect to the subject matter hereof and may only be amended or modified by an agreement in writing executed by each of the parties hereto.

(e) This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan, without regard to its conflicts of law provisions. Any action or proceeding arising out of or relating to this Agreement shall be brought in the federal or state courts sitting in the jurisdiction of Wayne County, Michigan, and each of the parties hereto irrevocably submits to the exclusive jurisdiction of each such court in any such action or proceeding, waives any objection it may now or hereafter have to venue or to convenience of forum, agrees that all claims in respect of the action or proceeding shall be heard and determined only in any such court and agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court.

(f) THE PARTIES HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT, WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE. THE PARTIES AGREE THAT ANY OF THEM MAY FILE A COPY OF THIS PARAGRAPH WITH ANY COURT AS WRITTEN EVIDENCE OF THE KNOWING, VOLUNTARY AND BARGAINED-FOR AGREEMENT AMONG THE PARTIES IRREVOCABLY TO WAIVE TRIAL BY JURY AND THAT ANY ACTION OR PROCEEDING WHATSOEVER BETWEEN THEM RELATING TO THIS AGREEMENT SHALL INSTEAD BE TRIED IN A COURT OF COMPETENT JURISDICTION BY A JUDGE SITTING WITHOUT A JURY.

(g) In the event of a breach or threatened breach by the Independent Contractor of any of the covenants and restrictions contained in this Agreement, the Independent Contractor acknowledges that the remedy at law would be inadequate and that the Company shall be entitled to an injunction restraining the Independent Contractor from such breach (without requirement to post any bond), in addition to monetary damages and any other remedy provided by law.

(h) Neither party shall be liable for a delay in the performance of its obligations and responsibilities under this Agreement due to causes beyond its reasonable control, including, but not limited to, war, strikes or lockouts, embargoes, national emergency, insurrection or riot, acts of the public enemy, fire, flood or other natural disasters provided that said party has taken reasonable measures to notify the other, in writing, of the delay.

(i) Any waiver of any breach of or failure to comply with any provisions of this Agreement shall be in writing and approved and executed by the party which is not in non-compliance with or breach of this Agreement. Any such waiver shall be strictly construed and shall not be interpreted as or constitute a continuing waiver of the relevant provision or a waiver of any other breach of, or failure to comply with, any other provision of this Agreement.

(j) During the term of this Agreement and thereafter, the Independent Contractor shall not make or publish any disparaging or derogatory statements with respect to the Company, or its integrity, business or professional standing or reputation, or that of any of its officers, directors, members, employees, agents or representatives.

(k) The parties hereto hereby acknowledge and agree that the restrictions and covenants contained in this Agreement are reasonable and necessary for the purpose of preserving for the Company, its business and goodwill and other proprietary rights. It is the desire and intent of the parties that the provisions of this Agreement be enforced to the fullest extent permissible under the laws and public policies applied in each jurisdiction in which enforcement may be sought. Accordingly, to the extent any provision hereof is deemed unenforceable by limitation thereon, the parties agree

DocuSign Envelope ID: 8B20F125-CF07-4DB4-9AB8-2DD6453A3F23

that the same shall, nevertheless, be enforceable to the fullest extent permissible under the laws and public policies applied in such jurisdiction in which enforcement is sought.  Furthermore, if any particular portion of this Agreement be adjudicated as invalid or unenforceable, such portion shall be deleted and such deletion shall apply only with respect to the operation of such portion in the particular jurisdiction in which such adjudication is made and the parties shall execute and deliver such amendatory contractual provisions as are necessary to accomplish lawfully as nearly as possible the goals and purposes of the provision so held to be void or unenforceable.

(l) All headings herein are inserted only for convenience and ease of reference and are not to be considered in the construction or interpretation of any provision of this Agreement.

(m) This Agreement is for the benefit of the parties hereto and is not entered into for the benefit of any other person or entity.

(n) This Agreement may be executed in any number of counterparts, each of which shall be an original and all of which shall constitute one and the same instrument.

[Signature Page Follows ]

RIVIAN    Proprietary and Confidential   DO NOT DISTRIBUTE      www.rivian.com

IN WITNESS THEREOF, the parties have executed this Agreement as of the Effective Date

COMPANY:                                    INDEPENDENT CONTRACTOR:

                                            Rivian Automotive

Rivian Automotive, LLC    Terry Henning

Signature: _____    Signature: _____
                                            DAC95C0FE97841F...
Name: Terry W. Henning         Steve Gawronski

Title: Consultant              Vice President, Supply Chain

---

**INDEPENDENT CONTRACTOR AGREEMENT**          Rev IC.6

**EXHIBIT A**

A.1    Services.

- Serve in the role of Technical Advisor – Body Stamping and Manufacturing for the Company;

- Responsible for the development of the Company's stamping processes and capability;

- Ensure the Company's die and stamping tooling specifications are comprehensive and appropriate for the Company's facility and future model plans;

- Develop a detailed operating plan for the Company's press shop;

- Support the sourcing of the Company's stamping tooling and then troubleshooting any issues with respect to such tooling.

DocuSign Envelope ID: 8B20F125-CF07-4DB4-9AB8-2DD6453A3F23

The Independent Contractor will be based in the Company's Plymouth, Michigan facility and the Company's manufacturing facility in Normal, Illinois.

The Independent Contractor will report to John Lowery (or such other person as is designated by the Company).

A.2     Payment / Fee Terms.

(a) $2,000 per full workday based on a nine (9) hour daily work schedule (and pro-rated accordingly in the event of partial workdays); provided, that a day in which the Independent Contractor is required to travel from one Rivian facility to another Rivian facility will be paid at $1,000 per day.

(b) Subject to the approval of the Board of Directors of Rivian Automotive, Inc., the Independent Contractor will be granted an option to purchase 300 shares of common stock of Rivian Automotive, Inc. Such option will vest on the scheduled expiration date of the Agreement (provided that this Agreement is not terminated by the Company or the Independent Contractor prior to such date). The terms of such option grant will be set forth in grant documentation executed by the Independent Contractor and Rivian Automotive, Inc. and will be subject to the terms of the applicable Rivian Automotive, Inc. equity incentive plan.

(c) The Independent Contractor will invoice the Company on the first day of each month, with payment due thirty (30) days after the invoice date. Invoices should be submitted directly to the Company by mail at the address specified within (to the attention of Accounts Payable), or via email to accountspayable@rivian.com.

(d) The Company will compensate the Independent Contractor for out-of-pocket expenses in accordance with the terms set forth in this Agreement. Request for approval of expenses should be submitted directly to Mark Vinnels, mvinnels@rivian.com.